UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JANE DOE NO. 6,                      CASE NO.:   19-CV-14487

      Plaintiff,                   Rosenberg/Maynard

vs.

SCHOOL BOARD OF HIGHLANDS COUNTY,
FLORIDA,

      Defendant.

_____/

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DE 1) AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendants, School Board of Highlands County, Florida (hereinafter referred to as "SBHC"), by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), and hereby file this Motion to Dismiss Plaintiff's Complaint (DE 1), and Incorporated Memorandum of Law, and as grounds therefore would state as follows:

1.      The Plaintiff has filed a one count complaint (DE 1) alleging a violation of Title IX.

2.      The Plaintiff, Jane Doe, alleges that she was sexually assaulted in kindergarten and first grade (DE 1 ¶ 17), however, fails to factually allege any actual dates, months or years of the alleged events.

3.      The Plaintiff alleges that Orestes Gonzalez pled guilty to five counts of lewd molestation, after another student reported an incident in 2010, and after law enforcement performed an investigation (DE 1 ¶ 22 and 23).

4.      It is important to note that the Plaintiff in this suit is not alleging repressed memory or delayed discovery, but rather is alleging that she only disclosed the alleged abuse to anyone for the first time in 2019, after a multi-million verdict and settlement amongst five minor Plaintiff's in related lawsuits filed in 2012 (DE 1 ¶ 20, 24 and 26).

5.      Although it is unclear from the four corners of the Complaint as to when the alleged assaults took place, the Complaint alleges that the Plaintiff was born in June 1999, therefore, it is most likely that she is alleging the abuse occurred somewhere in the 2004-2005 timeframe, which would be before any of the minor Plaintiffs in the prior lawsuits, however, in any event any alleged incidents occurred significantly prior to 2010.

6.      It is also important to note that the Plaintiff is not suing the alleged perpetrator, nor was the SBHC the employer of Mr. Gonzales, rather the Plaintiff is seeking third party liability.

7.      An initial review of Defendants records from the 2010 investigation does not reveal that the Plaintiff was even in the subject daycare, or that she ever spoke to law enforcement or investigators, whether she admitted the alleged incidents or not.  Due to the significant passage of time many pertinent records and witnesses no longer exist, and Mr. Gonzales is now deceased, therefore, the Plaintiff is essentially seeking to impose unlimited and indefinite exposure to liability arising out of this matter for which the SBHC can no longer properly defend itself.

8.      Because Plaintiff fails to allege sufficient ultimate facts as to when the alleged incidents occurred, the Plaintiff fails to state a cause of action and the Complaint must be

dismissed as it would appear any such claim is time barred by the statute of limitations and laches, at the time the Complaint was filed on December 30, 2019.

## **MEMORANDUM OF LAW**

### **Legal Standard on a Motion to Dismiss:**

The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief.  It is read alongside Rule 8(a) of the Federal Rules of Civil Procedure, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  This motion is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity.  Thus, the analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.

Moreover, for the purposes of the motion to dismiss, the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true.  See SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir.), reh'g denied, 840 F.2d 25, cert. denied, 486 U.S. 1055 (1988).

However, as recently clarified by the United States Supreme Court in Ashcroft v. Iqbal, 129 S.Ct.1937, 1949 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007), and interpreted by the Eleventh Circuit in Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2010), Federal Rule of Civil Procedure 8(a)(2) requires that Plaintiff's claims have "facial plausibility." A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.  To determine whether a complaint has "nudged its claims across the line from conceivable to plausible," the Court must analyze a complaint in two ways:

First, the Court should identify legal conclusions and other bare allegations representing the formulaic recitation of the elements of a claim which are not entitled to the assumption of truth. Iqbal, 129 S.Ct. at 1949-1950. This is because "the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1950.

Second, the Court should consider the remaining non-conclusory factual allegations to determine if they plausibly suggest an entitlement to relief. Id. Non-conclusory factual allegations must be more than "consistent" with the idea of purposeful conduct; they must constitute a plausible explanation for the wrong alleged. Id.

The Court need not accept legal conclusions as true. Id. Furthermore, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to rewrite it for [him]". Peterson v. Atlanta Hous. Auth., 998 F. 2d 904, 912 (11th Cir. 1993). The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed me-accusation". Iqbal, 556 U.S. at 662. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement". Franklin v. Curry, 738 F. 3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Chaparro v. Carnival Corp., 693 F. 3d 1333, 1337 (11th Cir. 2012).

**Title IX Statute of Limitations**

Because Title IX does not contain an explicit statute of limitations, as to those claims to which the four-year federal catch-all statute of limitations in 28 U.S.C. § 1658(a) does not apply, see Jones v. R.R. Donnelley Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 1845, 158 L.Ed.2d 645 (2004), courts must apply "the most appropriate or analogous state statute of limitations."

Goodman v. Lukens Steel Co., 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).  In

Hawkins v. Sarasota County School Board, 322 F.3d 1279, 1285 (11th Cir. 2003), the Eleventh

Circuit observed that the FEEA was closely patterned after Title IX.  The Eleventh Circuit has

stated, "[c]ourts generally agree that a Title IX claim for damages is most closely analogous to a

common law action for personal injury; therefore, the statute of limitations for personal injury

actions controls." M.H.D. v. Westminster Schools, 172 F.3d 797, 803 (11th Cir. 1999) (finding

that Georgia's two-year statute of limitations for personal injury actions applied to Title IX

claims). Numerous other circuit courts which have addressed the issue of the appropriate

limitations period for Title IX have likewise concluded that claims under this statute are most

closely analogous to personal injury claims and thus that the state statute of limitations for

personal injury actions should apply. See Curto v. Edmondson, 392 F.3d 502, 504 (2d Cir. 2004)

(applying New York's three-year limitations period for personal injury claims to Title IX claim);

Lillard v. Shelby County Board of Education, 76 F.3d 716, 728-29 (6th Cir. 1996) (holding that

Tennessee's one-year statute of limitations period for personal injury claims should have been

applied to students' Title IX claims); Egerdahl v. Hibbing Community College, 72 F.3d 615, 618

(8th Cir. 1995) (finding that Title IX claims were governed by Minnesota's six-year personal

injury statute of limitations rather than by the one-year statute of limitations pertinent to the state

civil rights actions under the Minnesota Human Rights Act); Cheeney v. Highland Community

College, 15 F.3d 79, 81 (7th Cir. 1994) (stating that "in borrowing statutes of limitations for

federal civil rights cases, the courts should look to state statutes governing personal injury

suits."); Bougher v. University of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir. 1989) (holding that

Pennsylvania's two-year statute of limitations applicable to personal injury actions was the appropriate statute of limitations for action alleging violations of Title IX).

Florida Courts have similarly held that a Title IX claim for damages is most closely analogous to a common law action for personal injury. Doe v. Sinrod, 90 So. 3d 852, 856 (Fla. 4th DCA 2012).

Likewise, Florida's Federal Courts have also held "that Florida's statute of limitations for personal injury actions, which is four years, applies to plaintiff's Title IX claim. See Fla. Stat. § 95.11(3)". Palmer v. Santa Rosa County, Case No. 3:05cv218/MCR (N.D. Fla. Dec. 8, 2005).

Accordingly, the Plaintiffs Complaint fails to state a cause of action or allege actual dates of alleged abuse that may have occurred 15 years ago, therefore, the Complaint must be dismissed as a matter of law.

**Laches**

Laches is a doctrine asserted as a defense, which "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." As time goes by, records are destroyed, essential evidence may become tainted or disappear, memories of witnesses fade, and witnesses may die or be otherwise unavailable. McCray v. State, 699 So.2d 1366, 1368 (Fla. 1997). "Laches is effective to bar enforcement when there has been a substantial and inexcusable delay in enforcing the claim to arrears of support and the delay has prejudiced the defendant or led him to change his position to such an extent that enforcement of the decree would be inequitable or unjust." Homer H. Clark, Jr., The Law of Domestic Relations in the United States §18.3, at 394 (2d ed. 1987). The Florida Supreme Court has said: "The true test to apply laches is whether or not the delay has resulted in

injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought. "   Or, as stated in <u>Bethea v. Langford, Fla</u>., 45 So.2d 496, 498, "the delay required to render the defense of laches available 'must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through loss or obscuration of evidence of the transaction in issue;   or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted.' " <u>Stephenson v. Stephenson</u>, 52 So.2d 684, 686 (Fla. 1951);   see also Dean v. Dean, 665 So.2d 244, 248 (Fla. 3d DCA 1995);   <u>Brumby v. Brumby</u>, 647 So.2d 330, 331 (Fla. 4th DCA 1994).

In <u>Garcia v. Guerra</u>, Case No. 98-2891 (Fla. 3rd DCA 1999), the Court held that "We conclude that the elements of laches have been established in this case.   Under <u>McCray 's</u> simplified test for laches, the first element requires a showing of lack of diligence by the party against whom the defense is asserted.   See 699 So.2d at 1368.   Stated differently, the question is whether there has been "a substantial and inexcusable delay in enforcing the claim to arrears of support. "   <u>Homer H. Clark, Jr., supra</u>.  The delay in this case was unreasonable.   The wife knew the husband's whereabouts at the relevant times and, in fact, asserted the claim in 1988. She withdrew that claim and did not refile it until nine years later, in 1997.   The delay was excessive and no legally sufficient excuse has been offered for the delay.  With regard to the second <u>McCray</u> element, the question is whether there is prejudice to the party asserting the defense.   See 699 So.2d at 1368.   Prejudice can be shown by loss of evidence on account of the unreasonable delay in bringing the claim.   See <u>Id.</u>;  <u>Stephenson</u>, 52 So.2d at 686;   <u>W</u>ing v. Wing, 464 So.2d 1342, 1344 (Fla. 1st DCA 1985)".  <u>Id.</u>

Accordingly, the Plaintiffs Complaint fails to state a cause of action or allege actual dates of alleged abuse that may have occurred 15 years ago, therefore, the Complaint must be dismissed as a matter of law.

WHEREFORE, the Defendants respectfully request this Honorable Court enter an Order Dismissing the Plaintiff's Complaint (DE 1), and for any further relief this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

IT IS HEREBY CERTIFIED, that a true and correct copy of the foregoing was furnished electronically to the Clerk of Court, this 23rd day of January, 2020, by using the CM/ECF system to all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

CARMAN, BEAUCHAMP, SANG & GONZALES, P.A.
1850 Lee Road, Suite 334
Winter Park, Florida 32789
(407) 622-7888
(407) 622-7890 (FAX)

/s/Allen C. Sang
ALLEN C. SANG, ESQUIRE
Florida Bar No.: 603960
acs@carmanbeauchamp.com
Attorneys for Defendant