UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE NO. 6,                            CASE NO.: 2:19-cv-14487-RLR

      Plaintiff,

vs.

SCHOOL BOARD OF HIGHLANDS COUNTY,
FLORIDA,

      Defendant.
_____

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

Plaintiff, Jane Doe No. 6 ("Jane Doe"), by and through her undersigned counsel, submits this Memorandum of Law in Opposition to the Motion to Dismiss (ECF no. 10) of Defendant School Board of Highlands County, Florida (the "School Board"), as follows:

### Introduction

It is the School Board's burden to demonstrate from the four corners of the Complaint that Jane Doe's Title IX claim is barred by the applicable statute of limitations or the doctrine of laches. The Motion to Dismiss does not even attempt to meet this burden. It fails to explain how or why a Rule 12(b)(6) dismissal based on these affirmative defenses is warranted, and instead provides a stream-of-conscious argument lacking reasoned analysis and unmoored by applicable legal principles. The Motion to Dismiss is meritless and must be denied in its entirety.

### Allegations in the Complaint

Jane Doe No. 6 alleges that she was sexually assaulted by Orestes Gonzalez in the after-care program at Lake Country Elementary School (the "School"). (Complaint, ECF no. 1, ¶¶ 16 – 20). At the time of these sexual assaults, Jane Doe was in kindergarten and first grade. (*Id.*, ¶

16). The Complaint alleges that Jane Doe was born in June, 1999, so she was 20 years old at the time of the filing of the Complaint. (*Id.*, ¶ 5).

The Complaint asserts federal question jurisdiction as it brings a single count for violation of Title IX, 20 U.S.C. § 1681 *et seq.*, under which there lies a private right of action for the sexual harassment of a student in a public school. *Gebser v. Lago Vista Ind. Sch. Dist.,* 524 U.S. 274 (1998). The elements of Title IX are (1) actual notice to an "appropriate person," who is a school official with authority to take corrective measures in response to the notice of sexual harassment; (2) actual notice that is sufficient to alert this school official of the possibility of the Title IX plaintiff's harassment; and (3) deliberate indifference of the school official in response to the actual notice. *Doe v. School Bd. of Broward Cty.,* 604 F. 3d 1248, 1254 (11th Cir. 2010). Facts demonstrating each of these elements are alleged in the Complaint.

Specifically, in or about 1994 Orestes Gonzalez was alleged to have sexually molested a child, which was known to the School's Assistant Principal, Steve Beck, and Maria Gonzalez, Orestes Gonzalez's wife, the sole person in charge of the School's after-care program. (Complaint, ¶¶ 11-13). Orestes Gonzalez was not formally employed by the School Board, but was allowed to assist in the after-care program, which included interacting with the children in the School's cafeteria and escorting children to the bathroom. (*Id.*, ¶¶ 6-8, 14-15). School officials failed to take any action in response to actual notice that Orestes Gonzalez had been accused of sexually molesting a child. As a result, Orestes Gonzalez was interacting with the children in the program and escorting children to the bathroom when Jane Doe attended the School. (*Id.*, ¶ 16). Orestes Gonzalez sexually assaulted Jane Doe on multiple occasions in the after-care program when he escorted her to the School bathroom, where he was alone with her. (*Id.*, ¶ 18).

Jane Doe never disclosed to her parents that she was sexually assaulted by Orestes

Gonzalez while she was a minor. (*Id.*, ¶ 20). It was not until she attempted suicide and was committed under the Baker Act in 2019 that she disclosed the sexual assaults to anyone. (*Id*).

In 2010, another child in the after-care program disclosed sexual molestation there by Orestes Gonzalez, which was reported to law enforcement. Orestes Gonzalez subsequently plead guilty to five counts of lewd molestation and lewd conduct with a child under the age of 12, all involving his acts with children in the School's after-care program. (*Id.*, ¶¶ 22-23). Civil suits were also brought against the School Board beginning in 2010 for sexual abuse by Orestes Gonzalez. Those suits, like the present suit, alleged claims under Title IX. (*Id.*, ¶¶ 24-25). In two cases a jury verdict and judgment were rendered determining liability against the School Board under Title IX. (*Id.*, ¶ 26). As a result of the jury verdicts and judgments, collateral estoppel applies in the instant case to establish the elements of Title IX liability against the School Board.[1]

**Argument**

**I.  THE STATUTE OF LIMITATIONS ON A MINOR'S CLAIM DOES NOT ACCRUE BEFORE THE PARENT HAS NOTICE OF THE MINOR'S INJURY AND ITS CAUSE**

The School Board first argues for dismissal on the basis of the Title IX statute of limitations. Initially, a Rule 12(b)(6) dismissal on this ground is only appropriate if it is apparent from the face of the complaint that the action is time barred. *Alvarez v. U.S. Immigration & Customs Enforcement*, 818 F. 3d 1194, 1229 (11th Cir. 2016). The School Board's Motion asserts that Jane Doe fails to allege a cause of action because she "fails to allege sufficient ultimate facts as to when the alleged incidents occurred," and "it would appear" her claim is time barred. (Motion ¶ 8, pp. 2-3). Defendant argues that it is Plaintiff's burden to allege "ultimate" facts

---

[1] *See SEC v. Bilzerian (In re Bilzerian)*, 100 F. 3d 886, 891-92 (11th Cir. 2001) (elements of collateral estoppel).

3

sufficient for its statute of limitations defense, which is plainly wrong. The statute of limitations is an affirmative defense, and "plaintiff [is] not required to negate" this affirmative defense in her Complaint. *Alvarez*, 818 F. 3d at 1229. In any event, the School Board apparently fails to realize that the facts it seeks to have alleged in the Complaint - consisting presumably of specific dates in the mid-2000s when Jane Doe was sexually assaulted by Gonzalez in the School's after-care program - do not support a statute of limitations defense.

The School Board asserts that, for a claim under Title IX, the Court applies the statute of limitations of the forum state that is most closely analogous to that for personal injury claims. (Motion, pp. 5-6). For a Title IX claim filed in Florida federal court, the Court applies the four-year statute of limitations set forth in § 95.11(3)(a), Fla. Stat., for an action founded in negligence. (*Id.*, p. 6). Plaintiff concurs that a four-year statute of limitations applies to the Title IX claim brought in this action. The School Board, however, fails to make any argument as to how or why a four-year limitations period forecloses a plausible claim in this case and entitles the School Board to dismissal. Specifically, the School Board simply ignores the issue of accrual. It wrongly assumes that because Gonzalez's sexual abuse of Jane Doe "may have occurred 15 years ago,"[2] the four-year limitations period must have expired. When the issue of accrual is addressed, it is plain that the action as alleged is timely and there is no basis for dismissal.

While state law supplies the applicable limitations period under Title IX, federal law determines when the cause of action accrues. *Mullinax v. McElhenney*, 817 F. 2d 711, 716 (11th Cir. 1987); *Beasley v. Alabama State Univ.*, 966 F. Supp. 1117, 1128 (M.D. Ala. 1997). The Court applies the "discovery rule" of accrual to a federal cause of action such as that under Title IX. *White v. Mercury Marine*, 129 F. 3d 1428, 1434-35 (11th Cir. 1997); *see also United States*

---

[2] Motion, p. 6.

4

*v. Kubrick*, 444 U.S. 111, 113 (1979) (applying discovery rule of accrual to claim under Federal Tort Claims Act). Under this rule, the cause of action accrues "when the plaintiff knew or should have known of his injury and its cause." *White*, 129 F.3d at 1435.

Where the injury is to a minor, the plaintiff is the minor's parent, guardian or next friend as the minor does not have the capacity to bring suit herself. *See* Fed.Civ.P. 17(c); Fla. R. Civ. P. 1.210(b). Such persons with authority to bring a claim on the minor's behalf must first have notice of the minor's injury before they may bring the claim. Under the discovery accrual rule in a case of injury to a minor, "the statute of limitations will begin to run when the 'parent knows of the minor's injury and the cause thereof… .'" *Bailey v. United States*, case no. 5:12-cv-104-RS-CJK, 2013 U.S. Dist. LEXIS 118629 *7 (N.D. Fla. Aug. 21, 2013) (citation omitted); *see also Landreth v. United States*, 850 F. 2d 532, 534 (9th Cir. 1988) (applying discovery rule to minor's federal claim, and holding that when parents first discovered the existence and cause of the minor's injuries is a question of fact, and when in the exercise of reasonable diligence they should have discovered them is a mixed question of law and fact).

In *A.G.D. v. Siegel*, case no. 09-80959-CIV-MARRA/JOHNSON, 2009 U.S. Dist. LEXIS 110204 (S.D. Fla. Nov. 25, 2009), the Court denied a Rule 12(b)(6) Motion seeking dismissal of a minor's federal claim on statute of limitations grounds, holding that the action did not accrue until the parents had notice of the cause of action:

> ***[T]he dates of the alleged abuse are not determinative of the accrual of the statute of limitations***. … [U]nder federal law the discovery rule applies, such that an action does not accrue until the plaintiff should have known of the injury and its cause. … ***Accordingly, the statute of limitations does not begin to run in a case of abuse against the minor child, such as the present case, "until the parent knew or reasonably should have known those facts which supported the cause of action***."

*Id*. at *13 (emphasis added) (citing *White*, 129 F.3d at 1435, and citing and quoting *Drake by and*

5

*through Fletcher v. Island Comm. Church, Inc.*, 462 So. 2d 1142, 1143 (Fla. 3d DCA 1984) (reversing dismissal, holding that negligence claim for sexual abuse of minor against School did not accrue until parent had notice of the claim)).

Here, the Complaint alleges that Jane Doe did not disclose Gonzalez's sexual abuse to her parents when she was a minor. (¶ 20). Accordingly, the allegations of the Complaint support the accrual of Plaintiff's Title IX claim when she reached the age of majority (18), in June, 2017, since before that date no one with capacity to bring the claim had notice of the claim. Because the statute of limitations is four years, Jane Doe's claim filed in 2019 is timely.

In any event, given application of the discovery accrual rule, it is abundantly clear that there is nothing alleged in the Complaint to indicate that Jane Doe's claim is time barred. Accordingly, there is no basis for a Rule 12(b)(6) dismissal on grounds of the statute of limitations.

## II.     LACHES DOES NOT PROVIDE GROUNDS FOR A RULE 12(b)(6) DISMISSAL

There is no colorable argument for dismissal on grounds of laches, which like the statute of limitations is an affirmative defense. Defendant's Motion raises nothing more than issues of fact. Any facts which may support the elements of laches, including lack of diligence by the Plaintiff and prejudice to the Defendant, fall well outside the four corners of the Complaint. *See Alvarez*, 818 F.3d at 1229.

Moreover, the Complaint seeks money damages, not equitable relief, and therefore it is questionable whether the equitable doctrine of laches is applicable in the first instance. *See Cannon v. University of Health Sciences/The Chicago Med. Sch.*, 710 F. 2d 351, 358 (7th Cir. 1983) (discussing "the familiar rule that laches do not apply to an action seeking purely legal relief"). Even if the laches doctrine were potentially applicable, it is not indicated in the allegations of the Complaint. The School Board's Motion fail to cite any applicable authority, as

6

it relies on Florida cases which do not apply to Plaintiff's Title IX claim in this Court. The Eleventh Circuit has identified the elements of laches that the defendant must prove in an appropriate case seeking equitable relief : "(1) there was a delay in asserting a right or claim; (2) the delay was not excusable; and (3) the delay caused [the defendant] undue prejudice." *United States v. Barfield*, 396 F. 3d 1144, 1150 (11th Cir. 2005). As discussed above, under the discovery rule Plaintiff filed her claim well within the statute of limitations. There was no material delay as she filed the case shortly after her first disclosure of the sexual abuse, when she was committed under the Baker Act. (Complaint, ¶ 20). Jane Doe was under no duty as a minor to disclose Gonzalez's sexual abuse, and in any event the psychological barriers for a victim of childhood sexual abuse in disclosing and acting upon the abuse is well known in the academic and professional literature. *See* Aleggia, Collin-Vezina, Lateef, *Facilitators and Barriers to Child Sexual Abuse (CSA) Disclosures: A Research Update* (2000-2016), 20 J. of Trauma, Violence & Abuse 260-83 (2017).

Accordingly, even assuming that a laches defense were available, it is not well grounded. The facts alleged in the Complaint demonstrate that there was no legally cognizable delay, and even if there were, the delay was excusable. Further, there is no basis for finding that the School Board is unduly prejudiced as a matter of law, based on generalized, conclusory allegations in the Motion. For all or any of the foregoing reasons, the assertion of laches as grounds for Defendant's Rule 12(b)(6) Motion is frivolous and must be rejected.

## Conclusion

The School Board fails to make any colorable argument for dismissal of Plaintiff's Title IX claim pursuant to Rule 12(b)(6) based on the affirmative defenses of statute of limitations or laches. The Motion to Dismiss must therefore be denied in its entirety.

Dated:  February 4, 2020

Respectfully Submitted,

By:   */s/ Stuart S. Mermelstein*
Jeffrey M. Herman, Esq. (FL Bar No. 521647)
jherman@hermanlaw.com
Stuart S. Mermelstein, Esq. (FL Bar No. 947245)
smermelstein@hermanlaw.com
Daniel G. Ellis, Esq. (FL Bar No. 110589)
dellis@hermanlaw.com
HERMAN LAW
*Attorneys for Plaintiff*
1800 N. Military Trail, Suite 160
Boca Raton, FL 33431
Tel: 305-931-2200; Fax: 305-931-0877

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the Florida E-portal on this 4th day of January, 2020 to:

Allen C. Sang, Esq.
Carman, Beauchamp, Sang & Gonzales, P.A.
1850 Lee Road, Suite 334
Winter Park, FL 32789
Telephone:  407-622-7888
acs@carmanbeauchamp.com

By:   */s/ Stuart S. Mermelstein*

8