UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JANE DOE NO. 6,　　　　　　　　　　　CASE NO.:　19-CV-14487

　　　　Plaintiff,　　　　　　　　　　　　Rosenberg/Maynard

vs.

SCHOOL BOARD OF HIGHLANDS COUNTY,
FLORIDA,

　　　　Defendant.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION (DE 11) TO MOTION TO DISMISS (DE 10) PLAINTIFF'S COMPLAINT (DE 1) AND INCORPORATED MEMORANDUM OF LAW**

　　　　COMES NOW the Defendant, School Board of Highlands County, Florida (hereinafter referred to as "SBHC"), by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), and hereby file this Reply to Plaintiff's Memorandum in Opposition (DE 11) to Motion to Dismiss (DE 10) Plaintiff's Complaint (DE 1), and Incorporated Memorandum of Law, and as grounds therefore would state as follows:

　　　　1.　　On February 4, 2020 the Plaintiff filed a Memorandum in Opposition (DE 11) to Defendant's Motion to Dismiss (DE 10) Plaintiff's Complaint (DE 1).

　　　　2.　　Plaintiff's Memorandum incorrectly asserts that collateral estoppel applies in this case to establish the elements of Title IX liability against the Defendant, however, the prior lawsuits referenced by Plaintiff advanced alternative facts and theories of Title IX liability that would have no applicability to the instant case, including alleged abuse, notice and deliberate indifference in 2010, well after the alleged abuse in this case.  Although the jury found Title IX

liability in the prior trial, the jury was not asked any special interrogatories that would render its finding applicable to this case for alleged abuse that is asserted to have happened five years prior.  The Defendant agrees this issue is more properly addressed via summary judgment, however, the Plaintiff raised this issue in their Memorandum, therefore, the Defendant does not want to waive any defenses to this incorrect assertion.

   3. The Plaintiff's Memorandum then seemingly argues conflicting grounds in response to the statute of limitations and laches arguments.  The Plaintiff does not allege that this is a delayed discovery or repressed memory case, it merely asserts that the minor did not tell her parents of the alleged abuse that occurred approximately 15 years ago.  The Plaintiff knew of the alleged abuse in 2005 and could have filed suit either through her parent, guardian or next friend as permitted by both the Federal and Florida Rules of Civil Procedure.  However, the Memorandum asserts that she did not disclose the alleged abuse until 2019, after Mr. Gonzalez, the alleged perpetrator passed away and is, therefore, unable to substantiate these previously undisclosed allegations.  Fla. Stat. 95.11(6) states "Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay. This subsection shall not affect application of laches at an earlier time in accordance with law".  Id.  The Eleventh Circuit has held that laches is a bar to Plaintiff's claim if "(1) there was a delay in asserting a right or claim; (2) the delay was not excusable; and (3) the delay caused [the defendant] undue prejudice." United States v. Barfield, 396 F. 3d 1144, 1150 (11th Cir. 2005).  From the four corners of the Complaint, Plaintiff's claim should be barred

as a matter of law as the Plaintiff waited 15 years to bring her claim, after key witnesses and evidence no longer exist to substantiate whether the incidents even occurred, and accordingly, the Defendant has been significantly unfairly prejudiced as a result.

WHEREFORE, the Defendants respectfully request this Honorable Court enter an Order Dismissing the Plaintiff's Complaint (DE 1), and for any further relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED, that a true and correct copy of the foregoing was furnished electronically to the Clerk of Court, this 10th day of February, 2020, by using the CM/ECF system to all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>CARMAN, BEAUCHAMP, SANG & GONZALES, P.A.
>1850 Lee Road, Suite 334
>Winter Park, Florida 32789
>(407) 622-7888
>(407) 622-7890 (FAX)
>
>/s/Allen C. Sang
>ALLEN C. SANG, ESQUIRE
>Florida Bar No.: 603960
>acs@carmanbeauchamp.com
>Attorneys for Defendant