UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE NO. 6,                                    CASE NO.: 2:19-cv-14487-RLR

        Plaintiff,

vs.

SCHOOL BOARD OF HIGHLANDS COUNTY,
FLORIDA,

        Defendant.
_____

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TITLE IX LIABILITY AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Jane Doe No. 6, by and through her undersigned counsel, file this Motion for Partial Summary Judgment on Title IX Liability and Incorporated Memorandum of Law, pursuant to Fed. R. Civ. P. 56, as follows:

### Introduction

This is a Title IX action alleging that Plaintiff Jane Doe No. 6, when she was in kindergarten and first grade, was sexually assaulted by an adult male, Orestes Gonzalez, while she participated in the aftercare program at Lake Country Elementary School. The Plaintiff alleges facts demonstrating the elements of a Title IX claim, including that appropriate persons for notice were the Site Manager of the aftercare program, Maria Gonzalez, and Assistant Principal Steve Beck. Each of Ms. Gonzalez and Mr. Beck are alleged to have received actual notice of a substantial risk that Orestes Gonzalez would sexually abuse children based on a report of his sexual abuse of child C.W., made by C.W.'s mother. They each are alleged to have failed to take any corrective action in response to this actual notice, and as a result Orestes Gonzalez continued to volunteer in the aftercare program and interact with the children there, including Jane Doe No. 6.

1

These identical Title IX facts and issues of appropriate person for notice, actual notice and deliberate indifference were previously litigated in cases brought in this Court by different plaintiffs against Defendant School Board of Highlands County (the "School Board"). The instant Motion focuses on the case of Jane Doe No. 24, which resulted in a jury verdict expressly finding Title IX liability and the issuance of a Final Judgment against the School Board. As a result of this jury verdict and Final Judgment, the doctrine of collateral estoppel obviates the need in the instant case to relitigate the identical issue of Title IX liability already determined in Jane Doe No. 24's case. Accordingly, partial summary judgment on the basis of collateral estoppel is in order, which here establishes the Title IX liability of Defendant School Board.[1]

## Undisputed Facts of Prior Litigation

The facts of record supporting this Motion for Partial Summary Judgment are fully set forth in Plaintiff's Concise Statement of Material Facts Pursuant to Local Rule 56.1, filed herewith. As mentioned above, these facts concern particularly the litigation of *Jane Doe No. 24 v. School Board of Highlands County,* case no. 12-cv-14350 ("*Jane Doe 24*"), in which a jury verdict and Final Judgment were rendered. The *Jane Doe 24* case was consolidated for pretrial purposes with four (4) other cases before Judge Jose E. Martinez. (Statement of Material Facts ("SMF"), ¶ 4). It was subsequently consolidated for trial with one of these other cases. (SMF, ¶ 9).

The pleading in *Jane Doe 24* alleged, among other things, that Orestes Gonzalez sexually assaulted the plaintiff when she participated in the aftercare program at Lake Country Elementary School (the "School"). (SMF, ¶ 2). It alleged facts supporting a claim for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*., including that the School and its

---

[1] The matters thus remaining to be tried by the jury are the sexual assault of Plaintiff Jane Doe No. 6 by Orestes Gonzalez and her resulting damages.

daycare program received federal financial assistance; that appropriate persons to institute corrective measures who were employees of the School Board included Maria Gonzalez, the Site Manager of the School's aftercare program, and Assistant Principal Steve Beck; that Maria Gonzalez and Steve Beck had actual notice of a substantial risk that Orestes Gonzalez would sexually abuse children in the daycare program based on a disclosure of sexual abuse by child C.W., reported by C.W.'s mother; and that in response to this notice, Maria Gonzalez and Steve Beck failed to take any corrective action. (SMF, ¶ 3).

The School Board moved for summary judgment in the consolidated cases, case nos. 2:12-cv-14151 *et seq.*, asserting that it did not receive federal financial assistance; that Orestes Gonzalez, who was Maria Gonzalez's husband and would volunteer in the School's cafeteria for the daycare program, was not an employee of the School Board; and that the School Board did not have actual notice. (SMF, ¶ 5). The Court rejected these grounds for summary judgment, finding that the issues on the Title IX claim of who was an appropriate person, actual notice to that person, and deliberate indifference were for the jury at trial.[2] (SMF, ¶¶ 6-8).

The Court thereafter conducted a trial of these same issues. Specifically, who was an appropriate person to institute corrective measures, actual notice, and deliberate indifference were set forth in the joint jury instructions for the Title IX claim, and were the subject of testimony and argument to the jury at trial. (SMF, ¶¶ 10-14). The jury rendered a verdict for the plaintiff on the Title IX claim in which it answered in the affirmative the question, "[i]s the School Board of Highlands County liable under Title IX for the injury or damage to [the plaintiff]?" (SMF, ¶ 15). It awarded $1.5 million to plaintiff Jane Doe No. 24.

---

[2] The Court also found as a matter of law that Defendant School Board received federal financial assistance, which is the first element of Title IX liability. (SMF, ¶ 7).

The School Board moved for a new trial on grounds, *inter alia*, that the notice was too remote, that it was substantively insufficient, and that neither Maria Gonzalez or Steve Beck were appropriate persons for notice under Title IX. The Court denied the motion for new trial. (SMF, ¶¶ 16-17). A Final Judgment was issued based on the jury's verdict. (SMF, ¶ 18).

At the time that the foregoing cases were being litigated in 2012-16, the Plaintiff in the instant case, Jane Doe No. 6, had not made a disclosure that she had been sexually assaulted by Orestes Gonzalez in the School's daycare. As a result, Jane Doe No. 6's parent could not have filed her own case on Jane Doe No. 6's behalf or otherwise joined the other cases against the School Board based on the child sexual abuse of Orestes Gonzalez. (SMF, ¶ 19).

The foregoing facts of record are undisputed and, as discussed below, establish the necessary elements for application of the doctrine of collateral estoppel as to Title IX liability in this case. Accordingly, partial summary judgment against the School Board for Title IX liability is warranted.

### Argument

#### I. SUMMARY JUDGMENT IS APPROPRIATE WHERE THE ELEMENTS OF COLLATERAL ESTOPPEL ARE DEMONSTRATED

Summary judgment is appropriate where there are issues that were resolved against a party by judgment in a prior litigation that need not be relitigated under the doctrine of collateral estoppel. *SEC v. Rand*, case no. 19-11436, 2020 U.S. App. LEXIS 7533 *9 (11th Cir. March 11, 2020). As with any motion for summary judgment, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact concerning the application of collateral estoppel. *Barber v. Banker (In re Banker)*, case no. 6:04-bk-13029-ABB, 2006 Bankr. LEXIS 840 *10 (Bankr. M.D. Fla. Apr. 13, 2006) (granting summary judgment based on collateral

estoppel).  "After a movant makes a properly supported summary judgment motion, the non-moving party must establish specific facts showing the existence of a genuine issue for trial." *Id*.

Here, summary judgment is warranted based on the jury verdict and Final Judgment establishing Title IX liability against Defendant School Board in prior litigation.  The record supporting summary judgment for collateral estoppel is derived from documents filed in the prior federal court litigation, of which the Court may take judicial notice.  *See McAdory-Conner v. Cooper*, case no. 1:18-CV-00768-TWT-JFK, 2018 U.S. Dist. LEXIS 131790 *19 n.14 (N.D. Ga. Apr. 5, 2018) ("[t]o determine whether the doctrines of res judicata and/or collateral estoppel are applicable in this case, this court may take judicial notice of court orders in any prior litigation 'for the limited purpose of recognizing the judicial action taken or the subject matter of the litigation'") (quoting *Tuscano v. Evening Journal Ass'n*, 179 Fed. Appx. 621, 623 n. 3 (11th Cir. 2006)).

## II.  PLAINTIFF DEMONSTRATES THE ELEMENTS OF COLLATERAL ESTOPPEL

Under the doctrine of collateral estoppel, also known as issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411 (1980).   Collateral estoppel and its sister doctrine, res judicata, are well grounded in policy considerations:  they "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Id*.

The doctrine of collateral estoppel has the following elements:  "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier

decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *S.E.L. Maduro (Florida), Inc. v. M/V Antonio De Gastaneta*, 833 F. 2d 1477, 1483 (11th Cir. 1987). "The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied." *In re Biscayne Investment Group, Ltd.,* 264 B.R. 765, 773 (Bankr. S.D. Fla. 2001). "In order to meet this burden, the litigant must introduce and produce a sufficient record to reveal the controlling facts and ferret out the exact issues which were litigated in the prior action." *Fowler v. Jenkins (In re Jenkins)*, 258 B.R. 251, 265 (Bankr. N.D. Ala. 2001). "An issue may be actually decided for purposes of collateral estoppel even if it is not explicitly decided, for it may have constituted, logically or practically, a necessary component of the decision reached." *Hoult v. Hoult (In re Hoult),* 243 B.R. 818, 823 (Bankr. M.D. Fla. 1999).

The record set forth in Plaintiff's Rule 56.1 Statement reveals the controlling facts and ferrets out the exact issues decided by the jury in rendering a verdict in *Jane Doe 24*. There is no genuine issue of material fact that each of the four elements of collateral estoppel are satisfied for purposes of the School Board's liability under Title IX. Each of these elements is addressed below.

### A. The Issues in this Case for the School Board's Liability Under Title IX are Identical to those in the *Jane Doe 24* Case

In comparing the issues arising under Title IX in this case with those that were litigated and resolved by judgment in the *Jane Doe 24* case, it is first helpful to review the elements of a claim for violation of Title IX. Title IX provides, in pertinent part, that "[n]o person. . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to any discrimination" at any educational institution receiving federal financial assistance. 20 U.S.C. § 1681(a). The United States Supreme Court decided in *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998), that a school entity receiving federal financial assistance may be

6

held liable for damages under Title IX when it acts with "deliberate indifference" in response to "actual notice" of sexual harassment by an employee. Under Title IX, actual notice must be received by one or more school officials who have "authority to institute corrective action" to prevent sexual harassment. *Id.* at 290. The question of who within a particular school district is an "appropriate person" for actual notice that may serve as the basis for liability is "necessarily a fact-based inquiry" given how particular roles may vary among school districts. *Doe v. Sch. Bd. of Broward County,* 604 F. 3d 1248, 1256 (11th Cir. 2010).

Where a jury may reasonably find that such an "appropriate person" had actual notice "that a school employee is a ***substantial risk*** to sexually abuse children," it may render a verdict of Title IX liability. *Id*. at 1259 (emphasis supplied) (quoting *Escue v. N. Okl. Coll*., 450 F.3d 1146, 1154 (10th Cir. 2006)); s*ee also Doe v. Autauga County Bd. of Ed.*, 2007 U.S. Dist. LEXIS 81951 *16-18 (M.D. Ala. 2007) (rejecting the defendant's argument that notice of conduct was non-sexual in nature, and therefore did not satisfy the "actual notice" requirement, as a "reasonable jury" could find that the superintendent "received actual notice of a Title IX violation and that [the teacher] posed a significant risk of future sexual abuse"). In *Hill v. Cundiff*, 797 F. 3d 948 (11th Cir. 2015), the Eleventh Circuit made clear that this "substantial risk" standard applies to teacher-on-student sexual harassment under Title IX, contrasting student-on-student Title IX cases which require a more stringent standard. *Id.* at 969; *see Davis v. Monroe County Bd. of Ed.*, 526 U.S.629, 651-52 (1999).   (emphasis original).

Finally, the element of "deliberate indifference" is shown "where the [funding] recipient's response to the harassment is clearly unreasonable in light of the known circumstances." *Hill v. Cundiff*, 797 F. 3d at 973 (quoting *Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 648 (1999)). It "describes a state of mind more blameworthy than negligence," but is also "satisfied by

7

something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Roe v. Gustine Unified School Dist.*, 678 F. Supp. 1008, 1035 (E.D. Ca. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). "Deliberate indifference is a fact sensitive inquiry," "for which bright lines are ill-suited." *Garcia v. Clovis Unified School Dist.*, 627 F. Supp. 2d 1187, 1196 (E.D. Ca. 2009); *Roe*, 678 F. Supp. at 1035 (quoting *Doe v. Taylor Indep. School Dist.*, 15 F. 3d 443, 457 n. 12 (5th Cir. 1994)).

In the present case, Jane Doe states in her Amended Complaint a claim against Defendant School Board for violation of Title IX. (ECF No. 24, ¶¶ 28-36). She alleges that she was the victim of sexual assaults by Orestes Gonzalez when she participated in the aftercare program at Lake Country Elementary School. (*Id.*, ¶¶ 16-19). Jane Doe was then in kindergarten and first grade, in the 2004-05 and 2005-06 school years. (*Id.*, ¶¶ 16-17). These sexual assaults occurred when Orestes Gonzalez escorted Jane Doe from the cafeteria, where the aftercare program was being conducted, to the bathroom. (*Id.*, ¶ 18).

Actual notice for purposes of Title IX is alleged in the present case to arise from Orestes Gonzalez's sexual assaults of another child, C.W., in 1994, while she participated in a day care program managed by Maria Gonzalez. (*Id.*, ¶ 11). C.W. at that time reported the sexual assaults to her parents. (*Id.*) Employees of Defendant School Board alleged to be "appropriate persons" for actual notice under Title IX include Maria Gonzalez and Steve Beck. (*Id.*, ¶ 31). Maria Gonzalez knew of C.W.'s report of sexual abuse by Orestes Gonzalez to her parents, and she knew of his proclivity for pedophilia. (*Id.*, ¶ 13). At the same time, Assistant Principal Steve Beck received a report from C.W.'s mother of Orestes Gonzalez's sexual assaults of C.W. in a daycare managed by his wife, Maria Gonzalez. (*Id.*, ¶ 12). Maria Gonzalez and Steve Beck thus had actual notice of a substantial risk of sexual harassment or abuse to female students by Orestes Gonzalez.

(*Id.*, ¶ 30). In response to this actual notice in 1994, Maria Gonzalez and Steve Beck failed to respond and instituted no corrective measures to prevent Orestes Gonzalez from appearing in the daycare. (*Id.*, ¶ 14). As a result, they were deliberately indifferent to sexual harassment or abuse by Orestes Gonzalez of students who would subsequently participate in the School's daycare, including Jane Doe No. 6. (*Id.*, ¶¶ 32-34).

In the *Jane Doe 24* case, the plaintiff likewise alleged that Defendant School Board was liable under Title IX based on its failure to respond to the report of Orestes Gonzalez's sexual abuse of C.W. The "appropriate persons" for notice were Maria Gonzalez and Steve Beck. They each received the report of C.W.'s mother in 1994 that Orestes Gonzalez had sexually abused C.W. As a result, they each had actual notice of a substantial risk that Orestes Gonzalez would sexually assault or abuse another child if provided the opportunity. Their failure to take any corrective measures in response and prevent Orestes Gonzalez from appearing in the daycare constitutes deliberate indifference to this risk.

Accordingly, the issue of Title IX liability to the School Board in the instant case and in *Jane Doe 24* are identical. They both allege the same "appropriate persons," Maria Gonzalez and Steve Beck; the same "actual notice" from the 1994 report of C.W. that Orestes Gonzalez had sexually abused her; and that the failure to act in response to this notice was deliberate indifference.

### B. The Issue of Title IX Liability Was Actually Litigated in the *Jane Doe 24* Case

There can be no dispute that the issue of Title IX liability, with its elements discussed above, was actually litigated in the *Jane Doe 24* case. It was addressed by Defendant School Board in its Motion for Summary Judgment, which the Court denied. It was included in the Jury Instructions for trial. It was the subject of testimony and argument at trial. It was a separate and

9

distinct question on the Verdict Form, answered by the jury in the affirmative. Finally, it was the subject of Defendant School Board's Motion for New Trial, which the Court denied.

### C. The Jury's Determination of Title IX Liability was Critical and Necessary to the Judgment in the *Jane Doe 24* Case

It cannot be disputed that the issue of liability under Title IX in *Jane Doe 24* was critical and necessary to the Final Judgment in that case, as it was *expressly* decided in favor of the plaintiff and against Defendant School Board on the jury's Verdict Form. The Final Judgment issued by Judge Martinez was "in accordance with the verdict rendered by the jury." (SMF, ¶ 18).

Because the jury separately and distinctly decided that Jane Doe No. 24 had proven her Title IX claim, it does not matter that the jury also separately and distinctly found that the School Board was liable for negligence. Even if the jury had not made these separate determinations, where there are alternative grounds for a judgment, "[n]ormally, each alternative basis would form an independent ground for collateral estoppel." *Deweese v. Palm Beach*, 688 F. 2d 731, 734 (11th Cir. 1982). Moreover, absent the jury's verdict against Defendant for violation of Title IX, a claim arising under federal law, the Court could not have issued a judgment in the amount of $1.5 million, well in excess of the Florida sovereign immunity cap for negligence claims under Florida Statute § 768.28.

### D. Defendant Had a Full and Fair Opportunity to Litigate *Jane Doe 24*

Defendant School Board was represented by highly competent counsel throughout the *Jane Doe 24* and related cases litigation. These same attorneys represent Defendant School Board in the instant case. There is no question that Defendant had a full and fair opportunity to litigate the ultimate issue of Title IX liability with all of its subparts leading to the Final Judgment, which is well reflected in the record.

## II. APPLICATION OF COLLATERAL ESTOPPEL IN THIS CASE WILL PROMOTE JUDICIAL ECONOMY AND WILL NOT BE UNFAIR TO DEFENDANT

Under certain circumstances the Court may in its discretion deny application of the "offensive" use of judicial estoppel by a plaintiff where its use would not promote judicial economy or where it would be unfair to a defendant. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 § Ct. 645 (1978). The factors which would warrant this exercise of discretion are not present here. First, the doctrine fails to promote judicial economy where there exists a " 'free rider' problem," in which potential plaintiffs act on an incentive "to wait on the sidelines until another plaintiff successfully establishes liability." *Deweese v. Palm Beach*, 688 F. 2d 731, 733 (11th Cir. 1982); *see also Parklane Hosiery*, 439 U.S. at 330 (applying collateral estoppel upon finding that the plaintiff was not in a position to adopt a "wait and see" attitude as to the first action by another plaintiff "since the plaintiff probably could not have joined in [that action] even if he had so desired"). This question involves a subjective inquiry into whether the plaintiff's "failure to participate" in the earlier litigation reflects a purposeful "wait and see" strategy. *Ross-Berger Cos. v. Equitable Life Assurance Society of the U.S.*, 872 F.2 d 1331, 1337 (7th Cir. 1989); *accord Parklane Hosiery*, 439 U.S. at 331. "Where a plaintiff has not needlessly increased the total amount of litigation by adopting a 'wait and see' attitude, the concern for judicial economy animating the *Parklane Hosiery* 'easy joinder' limitation has not been implicated." *Ross Berger*, 872 F. 2d at 1337 n. 2. Here, during the time that *Jane Doe 24* and the other cases against the School Board were litigated, in 2012-16, Jane Doe No. 6 was a minor and had not disclosed to her parent or anyone else that she had been sexually assaulted at Lake Country Elementary School by Orestes Gonzalez. (SMF ¶ 19). Only her parent could have brought her claim in that time frame.[3]

---

[3] Jane Doe No. 6 as a minor did not have the capacity to bring suit herself. *See* Fed.Civ.¶ 17(c); Fla. R. Civ. ¶ 1.210(b). Her claim therefore did not accrue during her childhood, before she

11

Accordingly, there was no "wait and see" attitude; the parent did not know that there existed a claim. In any event, even if Jane Doe No. 6's parent were aware that her daughter had been sexually assaulted, her bringing a case in 2012 would not have promoted judicial economy and avoided the use of collateral estoppel. In this regard, there is no reason to believe that it would have altered the circumstances in which *Jane Doe No. 22* and *Jane Doe No. 24* were consolidated for trial first, while the other cases waited in the wings.

Second, the application of collateral estoppel in this case is not unfair to the School Board. There are three circumstances in which unfairness may be demonstrated: "(1) where the defendant had little incentive to vigorously defend the first action; (2) where the judgment relied upon as a basis for the estoppel is itself inconsistent with a prior judgment in favor of the defendant; (3) where the second action gives the defendant procedural opportunities unavailable in the first action that could readily cause a different result." *Ross-Berger*, 872 F. 2d at 1338; *Parklane Hosiery*, 439 U.S. at 330-31. As reflected in the jury's verdict in *Jane Doe 24*, a substantial damages award was at stake and there was every incentive to litigate vigorously, which is demonstrated by the significant and exhaustive litigation activity that actually occurred. There is no other civil judgment arising from the sexual assaults by Orestes Gonzalez. Finally, the procedural posture of the actions in federal court is identical so there are no procedural opportunities available to the School Board that it did not have in the prior litigation. Accordingly, there is no genuine dispute that the factors are not present in this case which could warrant a rejection of collateral estoppel.

---

turned 18 years of age, when her parent was unaware that she had been injured as a result of sexual assaults at the School. *See Bailey v. United States*, case no. 5:12-cv-104-RS-CJK, 2013 U.S. Dist. LEXIS 118629 *7 (N.D. Fla. Aug. 21, 2013) *Landreth v. United States*, 850 F. 2d 532, 534 (9th Cir. 1988); *A.G.D. v. Siegel*, case no. 09-80959-CIV-MARRA/JOHNSON, 2009 U.S. Dist. LEXIS 110204 (S.D. Fla. Nov. 25, 2009).

**Conclusion**

Based on the foregoing and the record set forth in Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1, partial summary judgment is warranted on the issue of the School Board's Title IX liability. A trial is needed only on the matters of Jane Doe No. 6's sexual assaults by Orestes Gonzalez in the Lake Country Elementary School aftercare program, and her resulting damages.

Dated:  June 10, 2020

Respectfully Submitted,

By: */s/ Daniel G. Ellis*
HERMAN LAW
Jeffrey M. Herman, Esq.
FL Bar No. 521647
jherman@hermanlaw.com
Stuart S. Mermelstein, Esq.
FL Bar No. 947245
smermelstein@hermanlaw.com
Daniel G. Ellis, Esq.
FL Bar No. 110589
dellis@hermanlaw.com
HERMAN LAW
1800 N. Military Trail, Suite 160
Boca Raton, FL 33431
Tel: 305-931-2200; Fax: 305-931-0877

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 10, 2020 a true and correct copy of the foregoing was filed and served via the CM/ECF filing system to all counsel of record, Allen C. Sang, Esq., acs@carmanbeauchamp.com, and Adam Philpott, app@carmanbeauchamp.com, Carman, Beauchamp, Sang & Gonzales, P.A., 1850 Lee Road, Suite 334, Winter Park, FL 32789.

By: */s/ Daniel G. Ellis*
Daniel G. Ellis