UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JANE DOE NO. 6,                                     CASE NO.:   19-CV-14487

    Plaintiff,                                     Rosenberg/Maynard

vs.

SCHOOL BOARD OF HIGHLANDS COUNTY,     DISPOSITIVE MOTION
FLORIDA,

    Defendant.
_____/

# DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendants, School Board of Highlands County, Florida (hereinafter referred to as "SBHC"), by and through their undersigned attorneys, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, and hereby file this Motion for Summary Judgment as to Plaintiff's Amended Complaint (DE 24), and Incorporated Memorandum of Law, and would state as follows:

1. The Plaintiff has filed a one count amended complaint (DE 24) alleging a violation of Title IX.

2. The Plaintiff, Jane Doe, alleges that she was sexually assaulted in kindergarten and first grade, during the 2004-2006 school years (DE 24 ¶16, 17).

## Summary Judgment Standard

Rule 56, Federal Rules of Civil Procedure states the standard for reviewing a summary judgment motion, and states, in pertinent part:

1

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Defendant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corporation v. Catrett, 477 U.S. 317 at 323 (1986).  This burden is a minimal one, and it does not require the moving parties to support their motion with affidavits or other materials negating the nonmoving parties' claims. Id.  Rather, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court –  that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  Once the moving party meets its initial burden, the burden shifts to the nonmoving party to go beyond the pleadings and come forward with depositions or other evidentiary materials which show that there is a genuine issue of material fact.  Id. at 324;  Avirgan v. Hull, 932 F.2d 1572 at 1577 (11th Cir. 1991).  Specifically, it is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict.  Celotex, 477 U.S. at 322-23;  Earley v. Champion Int'l Corp., 907 F.2d 1077 at 1080 (11th Cir. 1990); Martin v. Ryder Distribution Resources, Inc., 811 F. Supp. 658 at 665 (S.D. Fla. 1992).  However, when a motion for summary judgment is made and supported according to Rule 56, the nonmoving party's response must set forth specific facts showing a genuine issue for trial.  If the party's response consists of nothing more than a repetition of his

2

conclusory allegations, the district court must enter summary judgment in the moving party's favor.  Twiss v. Kurry, 25 F.3d 1551 (11th Cir. 1994); Morris v. Ross, 663 F. 2d 1032 at 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010, [(wherein the Eleventh Circuit held that "the purpose of a summary judgment is to determine, on the basis of evidence that must be forthcoming, whether there is any dispute as to an issue of material fact, as distinguished from a party's mere allegations.")  Thus, when the plaintiff in that case failed to respond with anything more than the conclusional allegations from his complaint, the court upheld the granting of a summary judgment in favor of the defendant.]  See also Clemons v. Dougherty County, Ga., 684 F. 2d 1365 at 1368–69 (11th Cir. 1982) and Tisdale v. United States, 62 F. 3d 1367 at 1370 (11th Cir. 1995).  The United States Supreme Court has provided additional guidance regarding the evidentiary standard which trial courts are to apply when ruling on a motion for summary judgment:  [the summary judgment] standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 250 (1986), quoting Brady v. Southern R. Co., 320 U.S. 476 at 479—80 (1943).  The Anderson Court further stated that "the mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252.  When determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the cause of action before it.  Id. at 254.  If

3

the non-movant in a summary judgment action fails to adduce evidence which would be sufficient to support a jury finding for the non-movant, when viewed in a light most favorable to the non-movant, summary judgment may be granted.  Id. at 254-55.          In this particular case, and based on the argument as set forth below, there is no dispute as to any material factual issues and this Defendant is entitled to summary judgment as a matter of law as to the allegations set forth in the Amended Complaint.

## Statute of Limitations

Summary judgment should be granted based on the Plaintiff's claim being barred by the four year statute of limitations.

Because Title IX does not contain an explicit statute of limitations, as to those claims to which the four-year federal catch-all statute of limitations in 28 U.S.C. § 1658(a) does not apply, see Jones v. R.R. Donnelley Sons Co., 541 U.S. 369, 124 S.Ct. 1836, 1845, 158 L.Ed.2d 645 (2004), courts must apply "the most appropriate or analogous state statute of limitations." Goodman v. Lukens Steel Co., 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).  In Hawkins v. Sarasota County School Board, 322 F.3d 1279, 1285 (11th Cir. 2003), the Eleventh Circuit observed that the FEEA was closely patterned after Title IX.  The Eleventh Circuit has stated, "[c]ourts generally agree that a Title IX claim for damages is most closely analogous to a common law action for personal injury; therefore, the statute of limitations for personal injury actions controls." M.H.D. v. Westminster Schools, 172 F.3d 797, 803 (11th Cir. 1999) (finding that Georgia's two-year statute of limitations for personal injury actions applied to Title IX claims). Numerous other circuit courts which have addressed the issue of the appropriate

limitations period for Title IX have likewise concluded that claims under this statute are most closely analogous to personal injury claims and thus that the state statute of limitations for personal injury actions should apply. See Curto v. Edmondson, 392 F.3d 502, 504 (2d Cir. 2004) (applying New York's three-year limitations period for personal injury claims to Title IX claim); Lillard v. Shelby County Board of Education, 76 F.3d 716, 728-29 (6th Cir. 1996) (holding that Tennessee's one-year statute of limitations period for personal injury claims should have been applied to students' Title IX claims); Egerdahl v. Hibbing Community College, 72 F.3d 615, 618 (8th Cir. 1995) (finding that Title IX claims were governed by Minnesota's six-year personal injury statute of limitations rather than by the one-year statute of limitations pertinent to the state civil rights actions under the Minnesota Human Rights Act); Cheeney v. Highland Community College, 15 F.3d 79, 81 (7th Cir. 1994) (stating that "in borrowing statutes of limitations for federal civil rights cases, the courts should look to state statutes governing personal injury suits."); Bougher v. University of Pittsburgh, 882 F.2d 74, 77-78 (3d Cir. 1989) (holding that Pennsylvania's two-year statute of limitations applicable to personal injury actions was the appropriate statute of limitations for action alleging violations of Title IX). Florida Courts have similarly held that a Title IX claim for damages is most closely analogous to a common law action for personal injury.  Doe v. Sinrod, 90 So. 3d 852, 856 (Fla. 4th DCA 2012).  Likewise, Florida's Federal Courts have also held "that Florida's statute of limitations for personal injury actions, which is four years, applies to plaintiff's Title IX claim. See Fla. Stat. § 95.11(3)".  Palmer v. Santa Rosa County, Case No. 3:05cv218/MCR (N.D. Fla. Dec. 8, 2005).

The Plaintiff alleges in this case that she was abused in the 2004-2006 timeframe, therefore, her filing of this action in 2019, more than 13 years after the fact, and nine years after the statute of limitations had expired, her claim should be barred as a matter of law.  The Plaintiff does not allege that this is a delayed discovery or repressed memory case, she merely asserts that the minor did not tell her parents of the alleged abuse that occurred approximately 15 years ago.  The Plaintiff knew of the alleged abuse in 2005 and could have filed suit either through her parent, guardian or next friend as permitted by both the Federal and Florida Rules of Civil Procedure.  The Plaintiff acknowledged in her deposition that there was no particular reason she kept it a secret, and it was something she thought about back then, although not every day.

Furthermore, Orestes Gonzalez was arrested in 2011.  The Plaintiff's mother has acknowledged that when Jane Doe 6 was still a child, she became aware that Orestes Gonzalez had been arrested for molesting children in the daycare program at Lake Country Elementary School.  She asked Jane Doe 6 around that time if she was ever touched by Orestes Gonzalez and she said she was not.  Notwithstanding the Plaintiff's denial at that time, and the fact that she was either lying then or is lying now, it is clear from the record evidence that both Jane Doe 6 had actual notice of the abuse, and Jane Doe 6's mother had at least constructive notice of the abuse and should have known, therefore, the clock should have started, at the latest, in 2011, and would have run in 2015, accordingly, Plaintiff's suit filed on December 30, 2019 should be time barred as a matter of law.

## **Laches**

Laches is a doctrine asserted as a defense, which "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." As time goes by, records are destroyed, essential evidence may become tainted or disappear, memories of witnesses fade, and witnesses may die or be otherwise unavailable. McCray v. State, 699 So.2d 1366, 1368 (Fla. 1997). "Laches is effective to bar enforcement when there has been a substantial and inexcusable delay in enforcing the claim to arrears of support and the delay has prejudiced the defendant or led him to change his position to such an extent that enforcement of the decree would be inequitable or unjust." Homer H. Clark, Jr., The Law of Domestic Relations in the United States §18.3, at 394 (2d ed. 1987). The Florida Supreme Court has said: "The true test to apply laches is whether or not the delay has resulted in injury, embarrassment, or disadvantage to any person and particularly to the person against whom relief is sought." Or, as stated in Bethea v. Langford, Fla., 45 So.2d 496, 498, "the delay required to render the defense of laches available 'must have been such as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as through loss or obscuration of evidence of the transaction in issue; or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted.'" Stephenson v. Stephenson, 52 So.2d 684, 686 (Fla. 1951); see also Dean v. Dean, 665 So.2d 244, 248 (Fla. 3d DCA 1995); Brumby v. Brumby, 647 So.2d 330, 331 (Fla. 4th DCA 1994).

In <u>Garcia v. Guerra,</u> Case No. 98-2891 (Fla. 3rd DCA 1999), the Court held that "We conclude that the elements of laches have been established in this case. Under <u>McCray's</u> simplified test for laches, the first element requires a showing of lack of diligence by the party against whom the defense is asserted. See 699 So.2d at 1368. Stated differently, the question is whether there has been "a substantial and inexcusable delay in enforcing the claim to arrears of support." Homer <u>H. Clark, Jr., supra.</u> The delay in this case was unreasonable. The wife knew the husband's whereabouts at the relevant times and, in fact, asserted the claim in 1988. She withdrew that claim and did not refile it until nine years later, in 1997. The delay was excessive and no legally sufficient excuse has been offered for the delay. With regard to the second McCray element, the question is whether there is prejudice to the party asserting the defense. See 699 So.2d at 1368. Prejudice can be shown by loss of evidence on account of the unreasonable delay in bringing the claim. See Id.; <u>Stephenson, 52 So</u>.2d at 686; <u>Wing v. Wing,</u> 464 So.2d 1342, 1344 (Fla. 1st DCA 1985)". Id.

Fla. Stat. 95.11(6) states "Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay. This subsection shall not affect application of laches at an earlier time in accordance with law". Id<u>.</u>

The Eleventh Circuit has held that laches is a bar to Plaintiff's claim if "(1) there was a delay in asserting a right or claim; (2) the delay was not excusable; and (3) the

delay caused [the defendant] undue prejudice." United States v. Barfield, 396 F. 3d 1144, 1150 (11th Cir. 2005). Laches is a defense developed by courts to protect defendants against suit by a plaintiff whose unexcused delay in asserting a right or claim would be prejudicial to the defendant. Black Warrior Riverkeeper, Inc. v. US. Army Corps of Engineers, 781 F.3d 1271 (11th Cir. 2015).

Accordingly, even if the Court finds that this action is not time barred pursuant to the statute of limitations, the Court should still grant summary judgment on the alternative basis of laches. The Plaintiff did not disclose the alleged abuse until 2019, after Mr. Gonzalez, the alleged perpetrator and only eyewitness that could dispute the events, passed away. Plaintiff filed suit 14 years later, after learning in 12th grade of her friend, Jane Doe 24's lawsuit regarding Orestes Gonzalez. Plaintiff's claim should be barred as a matter of law as the Plaintiff waited 14 years to bring her claim, after key witnesses and evidence no longer exist to substantiate whether the incidents even occurred, and accordingly, the Defendant has been significantly unfairly prejudiced as a result of this delay.

WHEREFORE, the Defendants respectfully request this Honorable Court Grant this Motion, and for any further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED, that a true and correct copy of the foregoing was furnished electronically to the Clerk of Court, this 30th day of July, 2020, by using the CM/ECF system to all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                    CARMAN, BEAUCHAMP, SANG, GONZALES & PHILPOTT, P.A.
                    1850 Lee Road, Suite 334
                    Winter Park, Florida 32789

9

        (407) 622-7888
        (407) 622-7890 (FAX)

        /s/Allen C. Sang
        ALLEN C. SANG, ESQUIRE
        Florida Bar No.: 603960
        acs@carmanbeauchamp.com
        Attorneys for Defendant