**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.  2:19-cv-14487-ROSENBERG/MAYNARD

JANE DOE NO. 6,

    Plaintiff,

v.

SCHOOL BOARD OF
HIGHLANDS COUNTY FLORIDA,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR FINAL
SUMMARY JUDGMENT, GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND
GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE*__

This matter comes before the Court on Defendant School Board of Highlands County Florida's Motion for Final Summary Judgment [DE 46], Plaintiff Jane Doe No. 6's Motion for Partial Summary Judgment [DE 32], and Defendant's Motion *in Limine* [DE 44].  All three Motions have been fully briefed.  The Court has carefully considered the Motions, the Responses and Replies thereto, and the record and is otherwise fully advised in the premises.  For the reasons set forth below, Defendant's Motion for Final Summary Judgment is **DENIED**, Plaintiff's Motion for Partial Summary Judgment is **GRANTED IN PART AND DENIED IN PART**, and Defendant's Motion *in Limine* is **GRANTED IN PART AND DENIED IN PART**.

        **I.**        **FACTUAL BACKGROUND**

Plaintiff has alleged and has averred in a declaration that she attended an aftercare program at Lake Country Elementary School during the 2004-2005 and 2005-2006 school years while she was in kindergarten and the first grade.  DE 24 ¶¶ 5, 16; DE 34-18.  Defendant operates Lake

Country Elementary School. DE 24 ¶ 2; DE 26 ¶ 2. Maria Gonzalez was the manager of the aftercare program during the 2004-2006 school years. DE 24 ¶¶ 6, 16; DE 34-18. Ms. Gonzalez's husband, Orestes Gonzalez, had access to and was sometimes left alone with the children who attended the aftercare program. DE 24 ¶¶ 7-8, 14. Mr. Gonzalez sexually assaulted Plaintiff on multiple occasions while she attended the aftercare program. *Id.* ¶¶ 17-19; DE 34-18. Before she was assaulted, Ms. Gonzalez, Assistant Principal Steve Beck, and Principal Majel Bowerman had notice that Mr. Gonzalez had pedophilia proclivities due to a report that he previously had sexually assaulted a child in a daycare program. DE 24 ¶¶ 11-14.

Plaintiff contends that, while she was a minor, she never told anyone that Mr. Gonzalez had sexually assaulted her. *Id.* ¶ 20; DE 34-18. She did not disclose that she had been assaulted until 2019 when she was 19 or 20 years' old. DE 24 ¶ 20; DE 34-18.

Plaintiff's mother has averred in a declaration that she became aware while Plaintiff was a child that Mr. Gonzalez had been arrested for sexually assaulting children at a daycare program at Lake Country Elementary School. DE 34-19. She asked Plaintiff whether she "was ever touched by" Mr. Gonzalez, and Plaintiff "said she was not." *Id.* Given this denial, Plaintiff's mother "did not consider contacting a lawyer about bringing a claim" on Plaintiff's behalf. *Id.* Plaintiff first disclosed Mr. Gonzalez's sexual assaults to her mother after Plaintiff turned 19 years' old. *Id.*

Plaintiff now sues Defendant for damages for sexual discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et. seq. See* DE 24. She alleges that school officials and employees including Ms. Gonzalez, Assistant Principal Beck, and Principal Bowerman were deliberately indifferent in failing to take action to protect her from the danger that Mr. Gonzalez posed. *Id.*

2

## II.     PRIOR LITIGATION

This is not the first Title IX lawsuit against Defendant related to the conduct of Mr. Gonzalez. Title IX claims of two other plaintiffs, Jane Doe Nos. 22 and 24, alleging sexual assault by Mr. Gonzalez proceeded to a consolidated jury trial before a different Judge of this District in 2016. *See* Case Nos. 2:12-cv-14348, 2:12-cv-14350 (S.D. Fla.).[1]

Before the consolidated trial, the court ruled on summary judgment that the Lake Country Elementary School aftercare program was an "education program or activity receiving Federal financial assistance" for the purpose of Title IX liability. DE 34-7 at 6-7; *see* 20 U.S.C. § 1681(a). At trial, Jane Doe No. 24 maintained that Mr. Gonzalez had sexually assaulted her during the 2009-2010 school year, and Jane Doe No. 22 maintained that Mr. Gonzalez had sexually assaulted her during the 2010-2011 school year. DE 34-10 at 4-5. Evidence was presented to show that, in 1994, Ms. Gonzalez and Assistant Principal Beck learned of a report that Mr. Gonzalez had sexually assaulted a child. *Id.* at 11-13. Evidence was also presented to show that, in 2011, Principal Bowerman learned of a report that Mr. Gonzalez had sexually assaulted a child.[2] DE 34-11 at 14.

---

[1] Jane Doe No. 22, who was also referred to in the record as A.A., brought the case associated with file number 14348. Jane Doe No. 24, who was also referred to in the record as T.Y., brought the case associated with file number 14350. Any citation in this Order to a docket entry in either of these cases is proceeded by the appropriate file number (14348 or 14350), whereas any citation to a docket entry that is not proceeded by a file number refers to a docket entry in the instant case. In addition to the Jane Doe Nos. 22 and 24 cases, at least three other similar cases were filed in this District and resolved before a trial. *See* Case Nos. 2:12-cv-14151 (Jane Doe No. 15), 2:12-cv-14206 (Jane Doe No. 20), 2:12-cv-14349 (Jane Doe No. 23) (S.D. Fla.). The Court takes judicial notice of these court records. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (stating that a court may take judicial notice of court records under Fed. R. Evid. 201).

[2] Defendant does not now contend that there was any evidence presented to show that, if Mr. Gonzalez sexually assaulted Jane Doe Nos. 22 and 24, the assaults occurred outside of these year ranges. Defendant also does not now contend that there was any evidence presented to show that, if Ms. Gonzalez, Assistant Principal Beck, and Principal Bowerman learned of reports of sexual assault, they learned of such reports in different years.

3

The jury was instructed in closing that its verdict could be based only on the evidence presented at trial, that what the lawyers had said was not evidence, and that the jury was required to separately consider each claim of each plaintiff and the evidence as it related to each claim. Case No. 14350 DE 53 at 2-3, 13.  The jury was instructed that, to find Defendant liable under Title IX, the plaintiff must have demonstrated by a preponderance of the evidence that (1) "[o]ne or more officials of Lake Country Elementary with authority to institute corrective measures had actual notice that [Mr.] Gonzalez posed a substantial risk of sexual abuse or harassment to Plaintiffs in the school," and (2) "[s]uch school official was deliberately indifferent to [Mr.] Gonzalez's misconduct such that the school's response to actual notice of harassment was clearly unreasonable in light of the known circumstances." *Id.* at 12.  The jury found Defendant liable to Jane Doe Nos. 22 and 24 under Title IX.  Case No. 14348 DE 63; Case No. 14350 DE 56.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact court return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). A court ruling on a summary judgment motion views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016).  The court does not weigh conflicting evidence or make credibility determinations. *Id.*  Upon discovery of a genuine dispute of material

4

fact, the court must deny summary judgment and proceed to trial. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012).

If the movant shows that there is no genuine dispute as to a material fact, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial. *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018). The non-moving party does not satisfy this burden "if the rebuttal evidence is merely colorable, or is not significantly probative of a disputed fact." *Jones*, 683 F.3d at 1292 (quotation marks omitted). "Conclusory allegations and speculation are insufficient to create a genuine issue of material fact." *Glasscox v. City of Argo*, 903 F.3d 1207, 1213 (11th Cir. 2018). The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Jones*, 683 F.3d at 1292 (quotation marks omitted).

### III.  ANALYSIS

#### A.  Defendants Motion for Final Summary Judgment

Defendant seeks final summary judgment based on its affirmative defenses of statute of limitations and laches. DE 46. Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (listing various exceptions to this prohibition). Title IX does not provide a statute of limitations. *M.H.D. v. Westminster Schs.*, 172 F.3d 797, 803 (11th Cir. 1999). When a statute creating a federal cause of action does not provide a statute of limitations, a court must apply the most closely analogous statute of limitations under state law. *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989). A Title IX claim for damages is most closely analogous to a

common law personal injury claim, and therefore a state's personal injury statute of limitations applies in a Title IX action. *M.H.D.*, 172 F.3d at 803. Florida's personal injury statute of limitations is four years. *Baker v. Gulf & W. Indus., Inc.*, 805 F.2d 1480, 1482 (11th Cir. 1988) (citing Fla. Stat. § 95.11(3)).

Defendant argues that the statute of limitations bars this action because it did not commence within four years of Plaintiff's alleged assaults that took place, at the latest, in 2006. DE 46 at 6. Plaintiff responds that the statute of limitations did not begin to run in 2006 because she was a minor incapable of suing and there was no parent or other representative who might have sued on her behalf who had knowledge that she had been assaulted.[3] DE 47 at 6-7.

When a court applies the most closely analogous state statute of limitations to a federal claim, federal law controls the date on which the cause of action accrued and the limitations period began to run. *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1435 (11th Cir. 1997). The "general federal rule" for accrual is "the discovery rule," meaning that a cause of action accrues "when the plaintiff knew or should have known of his injury and its cause." *Id.* (quotation marks omitted); *see also Bowling v. Founders Title Co.*, 773 F.2d 1175, 1178 (11th Cir. 1985) (explaining that "the general federal rule . . . provides that the statute of limitations begins to run when a plaintiff knows or should know of the injury"). A minor cannot sue on his or her own behalf. *See* Fed. R. Civ. P. 17(c). Therefore, when the claimant is a minor, the cause of action accrues when the parent knows or should know of the minor's injury and the cause

---

[3] Plaintiff also responds that this statute-of-limitations issue was raised and addressed at the motion-to-dismiss stage of this case and that the Court's ruling on Defendant's Motion to Dismiss is now the law of the case. *See* DE 19; DE 22; DE 47 at 4-5. The law of the case doctrine applies only where there has been a final judgment. *Vintilla v. United States*, 931 F.2d 1444, 1447 (11th Cir. 1991). A district court may reconsider a previous ruling while the case remains within the court's jurisdiction. *Id.* Because there has been no final judgment in this case, the law of the case doctrine does not apply. At the instant stage of this litigation, the Court has reviewed the briefing and its ruling from the motion-to-dismiss stage while also reviewing the statute-of-limitations issue and the relevant caselaw anew.

thereof. *McKewin ex rel. Harrell v. United States*, 7 F3d 224 (4th Cir. 1993); *Landreth ex rel. Ore v. United States*, 850 F.2d 532, 534 (9th Cir. 1988).

In addition, in *M.H.D.*, the Eleventh Circuit analyzed when the statute of limitations expired for a Title IX claim brought in Georgia and applied *both* Georgia's two-year personal injury statute of limitations and Georgia law concerning the accrual of a cause of action and statute-of-limitations tolling. *See M.H.D.*, 172 F.3d at 803-05. Under Florida law, a cause of action for a minor claimant accrues at the earlier of such time that the minor reaches the age of majority or that an adult who can bring an action on the minor's behalf knows or should know of the facts supporting the claim. *Doe. No. 60 v. G-Star Sch. of Arts, Inc.*, Case No. 16-cv-80446, 2017 WL 2212429, *5-7 (S.D. Fla. May 19, 2017) (reviewing Florida caselaw and reasoning that, prior to such time, there is no person capable of initiating a lawsuit because a minor cannot sue on his or her own behalf); *see also A.G.D. ex rel. Dortch v. Siegel*, Case No. 09-80959, 2009 WL 4421259, *4 (S.D. Fla. Nov. 25, 2009) (stating that "the statute of limitations does not begin to run in a case of abuse against the minor child, such as the present case, until the parent knew or reasonably should have known those facts which supported a cause of action" (quotation marks omitted)).

Under either federal law or Florida law on the accrual of causes of action, summary judgment on Defendant's statute-of-limitations defense is inappropriate. Defendant does not contend that Plaintiff did not commence this action within four years of reaching the age of majority. Defendant also does not contend that this action was not commenced within four years of Plaintiff's mother receiving actual knowledge that Mr. Gonzalez had assaulted Plaintiff.

Defendant does argue that, despite Plaintiff's denial while she was a child that Mr. Gonzalez had assaulted her, Plaintiff's mother should be charged with "constructive notice" that Mr. Gonzalez had assaulted Plaintiff because Plaintiff's mother was aware that Mr. Gonzalez had been arrested for sexually assaulting other children.  DE 46 at 6.  Defendant provides no caselaw to support its assertion that Plaintiff's mother should have known, based on Mr. Gonzalez's arrest for sexual assaults of other children, that Mr. Gonzalez similarly had assaulted Plaintiff as well.  Defendant provides no caselaw to support a proposition that Plaintiff's mother's knowledge that Mr. Gonzalez had been arrested for assaulting other children provided a reasonable basis to institute a Title IX lawsuit on Plaintiff's behalf.  *See generally* Fed. R. Civ. P. 11(b)(3) (requiring factual contentions in a pleading to have evidentiary support or to be likely to have evidentiary support upon further investigation or discovery).  Defendant does not explain what steps Plaintiff's mother might or should have taken earlier to discover that Plaintiff had been assaulted.  In short, Defendant has not demonstrated that it is entitled to summary judgment based on its statute-of-limitations defense.

As an alternative to seeking final summary judgment on the statute-of-limitations defense, Defendant seeks summary judgment based on its defense of laches.  "Laches is a defense sounding in equity that serves to bar suit by a plaintiff whose unexcused delay, if the suit were allowed, would be prejudicial to the defendant."  *Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 781 F.3d 1271, 1283 (11th Cir. 2015) (quotation marks omitted).  Laches may be a defense to equitable relief, but it is not a defense to an action at law.  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 978 (2014) (citing multiple Supreme Court cases addressing the application of the laches defense); *see also Corona Props. of Fla., Inc. v. Monroe Cnty.*, 485 So.2d 1314, 1318

8

(Fla. 3d Dist. Ct. App. 1986) (citing Florida caselaw for the proposition that the "doctrine of laches is to actions in equity what statutes of limitations are to actions in law."). Defendant provides no caselaw to support a proposition that laches might apply in this Title IX action for damages. Defendant has not demonstrated that it is entitled to summary judgment based on its laches defense. Thus, Defendant's Motion for Final Summary Judgment is denied.

### B.     Plaintiff's Motion for Partial Summary Judgment

Plaintiff, in her Motion for Partial Summary Judgment, contends that Defendant is collaterally estopped from relitigating liability in this case based on court rulings and the verdicts in the Jane Doe Nos. 22 and 24 cases. DE 32. According to Plaintiff, the only issues for trial in this case are whether Mr. Gonzalez sexually assaulted her and her damages. *Id.* at 13.

Collateral estoppel, also known as issue preclusion, bars the relitigation of an issue previously decided in a judicial proceeding "if the party against whom the prior decision is asserted had a full and fair opportunity to litigate that issue in an earlier case." *In re St. Laurent*, 991 F.2d 672, 675 (11th Cir. 1993) (quotation marks omitted). For collateral estoppel to apply:

> (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*In re Se. Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995).

Title IX applies to an "education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To hold a school district liable under Title IX, a school employee who qualifies as an "appropriate person" must have had "actual notice" of misconduct and have been "deliberately indifferent" to the misconduct by failing to adequately respond.

9

*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277, 285-90 (1998) (rejecting arguments that a school district could be held liable under theories of *respondeat superior* or constructive or imputed notice); *see Hill v. Cundiff*, 797 F.3d 948, 969 (11th Cir. 2015) (stating that the employee must have had actual notice of a "substantial risk" to the student (quotation marks omitted)). An "appropriate person" is an employee who has authority "to address" the misconduct and "to institute corrective measures" on the school's behalf. *Gebser*, 524 U.S. at 290; *see Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1255 (11th Cir. 2010) (explaining that the person "must be high enough up the chain-of-command that his acts constitute an official decision by the school district itself not to remedy the misconduct" (quotation marks omitted)). Deliberate indifference means a response or lack thereof that "is clearly unreasonable in light of the known circumstances." *Hill*, 797 F.3d at 973.

As an initial matter, Defendant does not contest that it is collaterally estopped from relitigating the subject of whether Lake Country Elementary School's aftercare program was an education program or activity receiving federal financial assistance. *See generally* DE 40. As that same issue was briefed in the Jane Doe Nos. 22 and 24 cases, was resolved on summary judgment, and was necessary to impose Title IX liability, each element of collateral estoppel is satisfied. *See* DE 34-3 at 7; DE 34-7 at 6-7. This issue is resolved for the purpose of this litigation.

Plaintiff's collateral estoppel argument focuses on Jane Doe No. 24. Plaintiff contends that evidence presented at trial showed that Jane Doe No. 24 was sexually assaulted during the 2009-2010 school year, that evidence further showed that Ms. Gonzalez and Assistant Principal Beck received notice of Mr. Gonzalez's proclivity for pedophilia in 1994, and that, based on this evidence, the jury found Defendant liable to Jane Doe No. 24 under Title IX. Because this notice

10

to Ms. Gonzalez and Assistant Principal Beck pre-dated Plaintiff's alleged assaults during the 2004-2006 school years, she argues that the notice issue in this case—whether an employee of Defendant had actual notice prior to her assaults that Mr. Gonzalez posed a danger—has been resolved.

Defendant points out that there was evidence presented at trial of a third way that an employee of Defendant may have had notice of Mr. Gonzalez's proclivity for pedophilia: Principal Bowerman learning in 2011 of a report that Mr. Gonzalez had sexually assaulted a child. This notice alone cannot support liability as to Plaintiff, who alleges that her assaults occurred several years earlier. Plaintiff counters that Principal Bowerman's notice in 2011 was irrelevant to liability as to Jane Doe No. 24, who was assaulted during the 2009-2010 school year; the jury must have imposed liability as to Jane Doe No. 24 based on a finding of notice to Ms. Gonzalez in 1994, notice to Assistant Principal Beck in 1994, or both. Defendant's reply is that the specific employee(s) that the jury identified to support liability for Jane Doe Nos. 22 and 24 cannot be known, as the jury was not asked this question on the verdict forms. Essentially, Defendant contends that the jury might have found liability as to Jane Doe No. 24 based on an untenable conclusion that the notice to Principal Bowerman in 2011 was sufficient.[4]

Jurors are presumed to follow their instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *see also Richardson v. Marsh*, 481 U.S. 200, 206-07 (1987) (discussing "the almost invariable assumption of the law that jurors follow their instructions, which [courts] have applied

---

[4] To the extent that Defendant contends that the verdict forms were insufficient to ascertain that the evidence and the law supported the verdicts, that issue should have been, and was, raised and litigated in the prior cases. *See* DE 34-15 at 9 (seeking a new trial based, in part, on an argument that the "verdict forms make it unclear as to who the jury found to be an appropriate person under Title IX" and "it is factually unclear as to what the jury's findings were and, therefore, impossible to determine whether such findings are legally valid"); DE 34-16 (denying the motion for a new trial).

in many varying contexts" (citation omitted)); *United States v. Brown*, 983 F.2d 201, 203 (11th Cir. 1993) ("The presumption that juries follow their instructions is necessary to any meaningful search for the reason behind a jury verdict."). The jury was instructed to base its verdict on the evidence presented at trial and to separately consider the evidence as to each claim of each plaintiff. Case No. 14350 DE 53 at 2, 13. The jury was instructed that Title IX required an official of Lake Country Elementary School to have had actual notice that Mr. Gonzalez posed a substantial risk of sexual abuse or harassment to a plaintiff and to have been deliberately indifferent in response to that notice. *Id.* at 12.

To have followed these instructions and to have returned the verdict for Jane Doe No. 24 on her Title IX claim, the jury must have concluded that a school official had actual notice, prior to her assault during the 2009-2010 school year, of Mr. Gonzalez's proclivity for pedophilia. And the only notice that either party has identified in the instant briefing that may have been given before Jane Doe No. 24's assault is the notice to Ms. Gonzalez and/or Assistant Principal Beck in 1994. Thus, to return the verdict for Jane Doe No. 24, the jury necessarily found that Ms. Gonzalez and/or Assistant Principal Beck received notice in 1994. The jury therefore also resolved the issue of whether an employee of Defendant had actual notice of Mr. Gonzalez's misconduct prior to Plaintiff's alleged assaults during the 2004-2006 school years.

All elements of collateral estoppel are satisfied on this issue of notice. As explained above, the jury must have decided that an employee of Defendant received notice in 1994. This issue of notice was litigated at trial, and Defendant had a full and fair opportunity to present its evidence and arguments to the jury. A finding of notice in 1994 was critical and necessary to imposing

12

Title IX liability as to Jane Doe. No. 24. And the standards of proof for Jane Doe Nos. 6, 22, and 24's Title IX claims undoubtedly are the same.

However, the Court has one concern that the parties have not addressed and that prevents the Court from granting Plaintiff's Motion for Partial Summary Judgment in full. The Court questions whether the verdicts reflect a finding that the employee(s) who received notice in 1994—Ms. Gonzalez, Assistant Principal Beck, or both—had authority "to address" the misconduct and "to institute corrective measures" on Defendant's behalf prior to Plaintiff's alleged assaults during the 2004-2006 school years. *See Gebser*, 524 U.S. at 290; *see also Doe*, 604 F.3d at 1256 (stating that "the ultimate question of who is an appropriate person is necessarily a fact-based inquiry because officials' roles vary among school districts" (quotation marks omitted)). Certainly, the verdict as to Jane Doe No. 24 reflects a finding that the employee(s) that received notice in 1994 had such authority prior to her assault during the 2009-2010 school year. But, legally, does the employee's authority need to exist at the time that the employee receives actual notice? Was there evidence that Ms. Gonzalez and Assistant Principal Beck had the same roles and authority during the 2004-2006 school years as they did during the 2009-2010 school year? Might their roles and authority have changed at some point? Importantly, what finding as to authority was critical and necessary to the verdicts?

The parties' briefing does not resolve the Court's questions on this matter. Therefore, the Court cannot grant Plaintiff summary judgment on liability at this time. The Court grants Plaintiff summary judgment only on the issue of whether Lake Country Elementary School's aftercare program was an education program or activity receiving federal financial assistance, which has

13

been resolved in the affirmative.  Plaintiff's Motion for Partial Summary Judgment is denied in all other respects.

### C. Defendant's Motion *in Limine*

Defendant's Motion *in Limine* raises two issues.  First, the parties have agreed that "Plaintiff shall only be referred to at trial as Jane Doe, without reference to number 6." DE 44 at 2, 5.  Based on the parties' agreement, Defendant's Motion *in Limine* is granted as to this issue.

Second, Defendant moves to exclude from the trial

> any reference or evidence of any events at [Defendant] after 2006, including but not limited to any allegations made by five other Jane Does who alleged abuse in the 2008-2010 timeframe; any reference to those five other Jane Does, or their lawsuits and settlement; the fact that [Mr.] Gonzalez was arrested in 2011 and subsequently convicted for allegations involving three of the other Jane Does for conduct that occurred in the 2008-2010 timeframe; the fact that he was in jail from 2011-2019; the fact that [Ms.] Gonzalez was arrested in 2011 and subsequently convicted on charges that she tampered with a witness in regards to the investigation surrounding the five other Jane Does; or any implication or reference to any alleged abuse, conduct or victims after 2006.

*Id.* at 2.

Defendant states that it intends to challenge the veracity of Plaintiff's allegation that Mr. Gonzalez sexually assaulted her.  *Id.* at 4.  Thus, the Court can identify at minimum one way in which the evidence that Defendant seeks to exclude would be relevant at trial: to show that Plaintiff is not mistaken that assault occurred.  *See* Fed. R. Evid. 404(b)(2) (stating that evidence of crimes, wrongs, or other acts may be admissible to prove "absence of mistake"); *Rodriguez v. GeoVera Specialty Ins. Co.*, 426 F. Supp. 3d 1334, 1339 (S.D. Fla. 2019) ("In order to exclude evidence *in limine* it must be inadmissible on all potential grounds." (quotation marks omitted)). Defendant's Motion *in Limine* on this issue is therefore denied without prejudice.  The Court will analyze admissibility, including applying the balancing test under Fed. R. Evid. 403, and will

14

address the appropriateness of any limiting instructions before or during trial in the context of specific objections to particular pieces of evidence.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Final Summary Judgment [DE 46] is **DENIED**, Plaintiff's Motion for Partial Summary Judgment [DE 32] is **GRANTED IN PART AND DENIED IN PART**, and Defendant's Motion *in Limine* [DE 44] is **GRANTED IN PART AND DENIED IN PART**.

This matter is **REFERRED** to Magistrate Judge Shaniek M. Maynard for a Settlement Conference. The date and time of the Settlement Conference will be set by Judge Maynard by separate order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of August, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record