**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  2:19-cv-14487-ROSENBERG/MAYNARD**

JANE DOE NO. 6,

      Plaintiff,

v.

SCHOOL BOARD OF
HIGHLANDS COUNTY FLORIDA,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S AMENDED**
**MOTION FOR RECONSIDERATION OF DEFENDANT'S**
**MOTION FOR FINAL SUMMARY JUDGMENT AND DENYING**
**PLAINTIFF'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter comes before the Court on Defendant School Board of Highlands County Florida's Amended Motion for Reconsideration of Defendant's Motion for Final Summary Judgment [DE 84] and on Plaintiff Jane Doe No. 6's Renewed Motion for Partial Summary Judgment [DE 85]. The Motions have been fully briefed. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, both Motions are **DENIED**.

**I.     Defendant's Amended Motion for Reconsideration**

The Court previously denied Defendant summary judgment on its statute-of-limitations affirmative defense. DE 53. The Court explained that federal law controls when Plaintiff's Title IX cause of action accrued and that federal caselaw provides that a minor's cause of action accrues when the minor's parent knows or should know of the minor's injury and the cause thereof. *Id.* at 6-7. The Court further explained that Florida law followed the same rule for the accrual of

a minor's cause of action. *Id.* at 7. The Court held that Defendant had not shown that Plaintiff did not commence this action within four years (the applicable statute of limitations) of when Plaintiff reached the age of majority or when Plaintiff's mother knew of should have known that Plaintiff had cause to sue under Title IX. *Id.* at 7-8. Defendant now seeks reconsideration of the denial of summary judgment under Fed. R. Civ. P. 59(e) based on a Florida Supreme Court opinion issued since this Court's Order on summary judgment. DE 84; *see R.R. v. New Life Cmty. Church of CMA, Inc.*, 303 So. 3d 916, 921-24 (Fla. 2020) (holding that Florida statutes do not support a rule that the accrual of a minor's claim is delayed until the minor's parent knows or should know of the claim and that Florida courts that had adopted such a rule had engaged in impermissible judicial lawmaking).[1]

As the Court explained in its previous Order, although Florida's four-year statute of limitations applies in this case, federal law controls when Plaintiff's Title IX cause of action accrued. *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007) (explaining that, although a state statute of limitations applies to a civil rights claim under 42 U.S.C. § 1983, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law"); *Witt v. Metro. Life Ins. Co.*, 772 F.3d 1269, 1275 (11th Cir. 2014) ("When a federal court borrows a limitations period from state law for use in implementing a federal law that does not possess a self-contained statute of limitations, the court is nonetheless applying federal law. Accordingly, although state law specifies the duration of the limitations period, federal law determines the date on which that period begins." (citation and quotation marks omitted)); *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1435 (11th Cir. 1997) (applying federal law regarding the

---

[1] The Court denied without prejudice Defendant's prior Motion for Reconsideration based on *R.R.* because, at that time, the opinion was not yet final. *See* DE 60; DE 62. The period to file for rehearing in *R.R.* has since expired.

accrual of causes of action to federal maritime claims); *Bowling v. Founders Title Co.*, 773 F.2d 1175, 1178 (11th Cir. 1985) (stating that, "although state law specifies the duration of the limitations period [for a civil claim under the Racketeer Influenced and Corrupt Organizations Act], federal law determines the date on which that period begins"); *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980) ("Although the appropriate statute of limitations period is derived from state statute, the question when a federal cause of action accrues is a matter of federal, not state law." (quotation marks omitted)).

Defendant does not provide any caselaw holding to the contrary.  Defendant instead asserts policy reasons for why federal accrual law should not apply.  The Court is bound by the aforementioned caselaw.

Defendant does cite to *M.H.D. v. Westminster Schools*, a Title IX case that this Court explained in its prior Order applied both Georgia's two-year statute of limitations and Georgia law concerning the accrual of the cause of action.  172 F.3d 797, 803-05 (11th Cir. 1999); *see* DE 53 at 7.  *M.H.D.* did not, however, hold that state law controls when a federal claim accrues and did not distinguish or even address the Circuit caselaw to the contrary.  And the *M.H.D.* panel could not overrule prior Circuit precedent.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).  *M.H.D.* does not justify dispensing with the caselaw cited above or applying Florida accrual law to Plaintiff's cause of action.

Accordingly, federal law governs when Plaintiff's cause of action accrued, and *R.R.*'s holding is inapplicable.  Defendant provides no authority to challenge the Court's previous ruling that, under federal law, a minor's cause of action accrues when the minor's parent knows or should know of the minor's injury and the cause thereof.  Defendant states only, without providing any

explanation, that the federal caselaw on which the Court relied is "outdated and misleading." DE 84 at 3.  Defendant has not provided a basis for reconsideration.  *See Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009) ("Three major grounds justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." (quotation marks omitted)).  Defendant's Amended Motion for Reconsideration of Defendant's Motion for Final Summary Judgment [DE 84] is denied.

## II.     Plaintiff's Renewed Motion for Partial Summary Judgment

The Court previously granted in part and denied in part Plaintiff's motion for partial summary judgment based on collateral estoppel.  DE 53.  The Court determined that, for the purpose of imposing Title IX liability, Lake Country Elementary School's aftercare program was an education program or activity receiving federal financial assistance.  *Id.* at 10.  The Court further determined that a prior jury necessarily found that, before the 2004-2006 school years (the school years during which Orestes Gonzalez allegedly sexually assaulted Plaintiff), Maria Gonzalez and/or Assistant Principal Steve Beck had actual notice that Mr. Gonzalez had a proclivity for pedophilia.[2]  *Id.* at 10-13.  However, the Court explained that the parties had not addressed in their briefing whether the prior jury necessarily found that Ms. Gonzalez and Assistant Principal Beck had authority by the 2004-2006 school years to address Mr. Gonzalez's misconduct and to institute

---

[2] The relevant evidence and findings from the prior trial, which involved Title IX claims against Defendant by other alleged victims of Mr. Gonzalez, are set forth in the Court's previous Order.  The Court ruled in that Order that the jury necessarily found that Ms. Gonzalez and/or Assistant Principal Beck received notice in 1994 of Mr. Gonzalez's proclivity for pedophilia.  The jury was not asked to identify on the verdict form the employee(s) who received notice, and therefore it cannot be known whether the jury found that Ms. Gonzalez received notice in 1994, Assistant Principal Beck received notice in 1994, or both.

corrective measures on Defendant's behalf.[3]  *Id.* at 13.   Therefore, the Court could not grant

Plaintiff summary judgment in full on liability.  *Id.* at 13-14.

Plaintiff now renews her request for summary judgment on Title IX liability, specifically

addressing the issue of Ms. Gonzalez's and Assistant Principal Beck's authority by the 2004-2006

school years to address misconduct and to institute corrective measures on Defendant's behalf.

Plaintiff contends that the prior jury heard testimony that (1) Assistant Principal Beck had such

authority in 1994 (when he arguably received notice of Mr. Gonzalez's proclivity for pedophilia

and before Plaintiff's alleged assaults) due to his role as a school administrator; and

(2) Ms. Gonzalez had such authority before 2004 (after she arguably received notice in 1994 of

Mr. Gonzalez's proclivity for pedophilia and before Plaintiff's alleged assaults) due to her role as

the aftercare program's manager.  DE 85 at 2-8.  Plaintiff also asserts that there was no evidence

presented to the jury to indicate that Assistant Principal Beck's and Ms. Gonzalez's roles changed

in any ways between the 2004-2006 school years (the time period at issue in this case) and the

2009-2010 school year (the earliest time period at issue during the prior trial), and therefore there

is no reason to differentiate this case from the prior case where the jury found that at least one of

those employees had both the requisite notice and the requisite authority.  *Id.*

As the Court previously explained, a necessary element of collateral estoppel is that a

determination of the issue at stake was "a critical and necessary part" of an earlier judgment.

*See* DE 53 at 9 (quoting *In re Se. Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995)).  Plaintiff

---

[3] As the Court explained in the Order, to hold Defendant liable under Title IX, an employee who had authority to address misconduct and to institute corrective measures on Defendant's behalf must have had actual notice of the misconduct and have been deliberately indifferent in response.  The jury necessarily found that at least one employee who received notice in 1994 had the requisite authority by the 2009-2010 school year, which was the earliest time period at issue during the prior trial.

argues the testimony that the prior jury heard (and did not hear).  Plaintiff, however, has not shown what the jury necessarily found.  That is, Plaintiff has not demonstrated through the verdict form in conjunction with the jury instructions that the jury necessarily found that an employee of Defendant with actual notice had the authority by the 2004-2006 school years that is required to impose Title IX liability on Defendant.  The jury's verdict reflects a finding only that an employee of Defendant with actual notice had the authority by the 2009-2010 school year that is required to impose Title IX liability.  Plaintiff's Renewed Motion for Partial Summary Judgment [DE 85] is denied.

For the foregoing reasons, Defendant School Board of Highlands County Florida's Amended Motion for Reconsideration of Defendant's Motion for Final Summary Judgment [DE 84] is **DENIED**.  Plaintiff Jane Doe No. 6's Renewed Motion for Partial Summary Judgment [DE 85] is **DENIED**.

Per the Court's prior Order [DE 64], the parties shall file a joint trial plan within one week of the date of this Order.  Instructions for creating the trial plan may be found in the Court's Trial Order [DE 8].

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 26th day of January, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

6